IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. HALIBURTON, II,

        Plaintiff,

   v.

COUNTY OF LINN, SALLY JO DONAHUE, Co. Sheriff Polygrapher, CITY OF ALBANY, and SCOTT TIM, Albany Police Detective,

        Defendants.

CV. 07-6026-PK

ORDER

JONES, District Judge.

    Plaintiff in this civil rights action has filed Motions (#12) for a Continuance, for a Temporary Restraining Order, and for Appointment of Counsel. In his Motion for a Temporary Restraining Order, plaintiff alleges that racially biased Albany police officers arrested him without probable cause and that he needs protection from unfair and malicious prosecution by the Linn County District Attorney's Office. Plaintiff asks the court to direct the U.S. Marshal's Office to place him in federal protective custody

1 - ORDER

until a full investigation is complete. For the reasons that follow, plaintiff's Motion for a Temporary Restraining Order is denied.

In his underlying § 1983 action, plaintiff challenges the conditions of his confinement and seeks monetary and injunctive relief. In contrast, plaintiff's request that he be taken into federal custody, as set forth in his Motion for Temporary Restraining Order, is in the nature of habeas relief. To challenge the legality of his detention plaintiff must file a habeas corpus action pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Moreover, even assuming that plaintiff's request for injunctive relief is related to his underlying civil rights claim, he has cited, and the court is aware of no authority under which it could order the relief he seeks.

With regard to plaintiff's motion for appointment of counsel, generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Id.; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory

appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331; Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff has demonstrated sufficient ability to articulate his claims. The facts and legal issues involved are not of substantial complexity. Accordingly, at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel under § 1915(e).

**CONCLUSION**

Based on the foregoing, plaintiff's Motions for a Temporary Restraining Order and for Appointment of Counsel (#12) are DENIED. Plaintiff's Motion for a Continuance (#12) is DENIED as moot on the basis that the court in its recent Order (#15) extended the

pretrial, discovery, and dispositive motions deadlines to October 9, 2007.

    IT IS SO ORDERED.

    DATED this __24<sup>t</sup>__ day of July, 2007.

                                /s/ Robert E. Jones
                                Robert E. Jones
                                United States District Judge